UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Bearb, et al                                                          Civil Action No.06-1279

versus                                                                   Judge Tucker L. Melançon

LOOP,LLC,  et al                                              Magistrate Judge Mildred E. Methvin

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion For Summary Judgment filed by defendant PB Energy Storage Services, Inc. ("PB Energy") [Rec. Doc. 62]. For the following reasons, the motion will be granted.

### *I. Background*

PB Energy's Statement of Uncontested Material Facts[2], *R. 62-4*, states as follows:

This action arises from an incident that occurred on August 7, 2003 aboard TODCO'S inland drilling barge, Rig 15.  At the time of the incident, plaintiff Donald L. Bearb was employed as a tong operator for Weatherford US, LP ("Weatherford"). Bearb was operating the tongs in order to run 20 inch casing into a well owned by

---

[1] Pursuant to Local Rule 7.5W, the deadline for filing any opposition to the motion was May 14, 2008.

[2] As no opposition was filed, PB Energy's Statement of Uncontested Facts is admitted. *L.R. 56.2W.*

Louisiana Offshore Oil Port ("LOOP"). LOOP contracted with PB Energy to work over various wells in underwater caverns in the waters off Lafourche Parish. PB Energy in turn contracted with TODCO to furnish the drilling rig and crew, Weatherford to furnish casing services and Gator Hawk, Inc. to furnish testing services and personnel. At the time of the incident, only TODCO, Weatherford and Gator Hawk employees were on the rig floor. Charles Johnson, the PB Energy company man was not on the floor at the time of the accident. *R. 62-2, Exh. A, Depo. of Bearb, p. 128; Exh. B, Depo. of Johnson, p. 39.*

Plaintiff claims he was injured when a Gator Hawk testing tool, used to externally test the 20 inch casing, fell to the rig floor after the 5/8 inch cable which was suspending it, failed. Plaintiff further claims that the cable forming the basis of this suit had been modified and re-strung with cable clamps which ultimately failed. The PB Energy company man, Johnson, had no notice that the cable had been modified and no one brought this to his attention before the accident. *R. 62-2, Exh. B, Depo. Of Johnson, pp. 52-53.* The TODCO toolpusher, Tim Jacob, confirmed that Johnson had no knowledge that the cable had been modified. *R. 62-2, Exh. C, Depo. of Jacob, p. 118.* Ralph Broussard, the TODCO driller, actually operating the rig at the time of the accident, further confirmed that the PB Energy company man was not the rig floor at the time of the accident and that, to his knowledge, the company man

had never been advised of the modification of the cable. *R. 62-2, Exh. D, Depo. of Broussard, pp. 101; 103-04.* He further confirmed that the "company man" had given no instructions concerning the running of the casing. *Id. at pp. 102-03.*

## *II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[3] *Id.* at 322-23. Once

---

[3] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to

the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  Analysis

The fact that there is no opposition to PB Energy's motion does not necessarily mean PB Energy should prevail on the merits.  "A motion for summary judgment

---

establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, as previously noted, the failure to file an opposition and statement of contested material facts requires the Court to deem PB Energy's Statement of Uncontested Material Facts admitted for purposes of the instant motion. *L. R. 56.2W*.

In its motion, PB Energy asserts the "independent contractor defense" that liability may not be imposed on PB Energy in this case for the negligent acts of its independent contractors, TODCO, Gator Hawk, or Weatherford, or any of its subcontractors. A principal is not liable for injuries resulting from the negligent acts of an independent contractor unless the principal retains operational control over the contractor's acts or expressly or impliedly authorizes those acts. *Coulter v. Texaco, Inc.,* 117 F.3d 909, 912 (5th Cir. 1997). PB Energy further asserts that at the time of the incident, its company man, Johnson, had retained no operational control over the acts of PB Energy's independent contractors.

As stated in the record, only TODCO, Weatherford and Gator Hawk employees were on the rig floor. Johnson was not on the floor at the time of the incident, had

never been advised of the modification of the cable at issue and had given no instructions concerning the running of the casing. The Fifth Circuit "has repeatedly acknowledged the role of the well known 'company man' on drilling operations who typically 'monitor[s] the progress of the work of independent contractors' and reports back to the principal." *Cochran v. B.J. Services Co. USA,* 302 F.3d 499, 507 (5th Cir., 2002). Such a principal, like PB Energy in this case, is generally not liable for injuries caused by a negligent independent contractor despite the fact that the principal has a "company man" on the rig and monitors the progress of the work to ensure that the results that were contracted for are achieved. A principal does not retain control over the step-by-step operations of a platform through the presence of a company man when the contract provided that the independent contractor was responsible for the performance of all the work, and the principal was interested solely in the results obtained. *Ainsworth v. Shell Offshore, Inc*., 829 F.2d 548, 551 (5th Cir.1987).

    Based on the undisputed record as well as the relevant Fifth Circuit jurisprudence, there is no genuine issue of material fact that PB Energy did not exercise operational control in this case. Accordingly, PB Energy cannot be liable for the alleged acts of its independent contractors and the unopposed motion for summary judgment will be granted.