UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Donald L. Bearb, et al | Civil Action 06-1279 |
| versus | Judge Tucker L. Melançon |
| Loop, L.L.C., et al | Magistrate Judge Methvin |

**FINAL JUDGMENT UNDER RULE 54(B)**

Before the Court is an unopposed Motion For Entry Of Final Judgment Pursuant To Federal Rule Of Civil Procedure 54(b) [Rec. Doc. 74] filed by defendants PB Energy Storage Services, Inc. ("PB Energy"), who moves for a final judgment as to all claims of the plaintiffs against it, to be entered pursuant to Federal Rule of Civil Procedure 54(b).[1]

On May 29, 2008, the Court issued a Memorandum Ruling and Judgment granting PB Energy's unopposed motion for summary judgment in this matter, and dismissing all claims of plaintiffs against PB Energy. *R. 64, 65*. Pb Energy moves the Court to issue a final judgment of an otherwise non-final judgment for appeal. PB Energy represents that the remaining issues in this matter have the potential to be lengthy and expensive and as there was no opposition to its motion for summary judgment, "there is no just reason to require that PB Energy wait until all claims against all remaining parties have been fully adjudicated before the judgment issued in PB Energy's favor becomes final."

A district court deciding whether to issue a partial final judgment under Rule 54(b) must make two determinations. First, the district court must determine that it is "dealing

---

[1] On June 16, 2008, the Court ordered that this matter be administratively terminated based on the plaintiff's failure to reach maximum medical improvement. [Rec. Doc. 76].

with a final judgment." The judgment is final if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." The second determination the district court must make is whether any just reason for delay exists. *Briargrove Shopping Center Joint Venture v. Pilgrim Enterprises, Inc.*, 170 F.3d 536, 539 (5th Cir. 1999) (quoting *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7-8 (1980)(internal citations omitted). According to the text of Rule 54, this determination must be made expressly. *Id.* The Fifth Circuit is clear that a district court's judgment meets the requirements of the rule if it reflects the district court's "unmistakable intent to enter a partial final judgment under Rule 54(b)."[2] *Id.*

The record indicates that all the claims of the plaintiffs against PB Energy are fully resolved by the Court's Judgment and this Judgment will not be disturbed by any other action taken in this matter between the plaintiff and the remaining parties. Thus, a final judgment in the matter at bar will constitute an "ultimate disposition of an individual claim entered in the course of a multiple claims action." Further, there is "no just cause for delay" because all rights as between plaintiff and PB Energy have been resolved and for PB Energy to stay in this matter and participate in the pretrial and trial preparations would be expensive, burdensome and would serve no purpose, but rather would shorten pre-trial and trial time and cost to the remaining parties in this lawsuit. As these factors

---

[2] The Fifth Circuit does not require the mechanical recitation of Rule 54(b), but does require a showing of an "unmistakable intent" to enter the judgment under Rule 54(b). *Briargrove*, at 540.

combine to outweigh the important concerns that underlie "the historic federal policy against piecemeal appeals," it is

ORDERED that the unopposed Motion For Entry Of Final Judgment Pursuant To Federal Rule Of Civil Procedure 54(b) filed by defendants PB Energy Storage Services, Inc. ("PB Energy") [Rec. Doc. 74] is GRANTED. It is

FURTHER ORDERED that the Court finds that there is no just reason for delay, and the Clerk of Court is to enter a FINAL JUDGMENT WITH PREJUDICE dismissing all claims of plaintiffs, Donald L. Bearb, individually and as administrator of the estates of the minors, Megan A. Bearb, Alexandra R. Bearb and Marlene G. Bearb, against defendant PB Energy Storage Services, Inc.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this 2nd day of July, 2008.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE